The opinion of the court was delivered by
Watkins, J.
This suit is the sequel of a protracted litigation between these parties which has been the subject of numerous adjudications by this court.
It is a petitory action in which the plaintiff claims the ownership ■of a piece of real estate and the buildings and improvements thereon, situated at the corner of First and Davidson streets in this city, by virtue of an act passed before Octave Morel, notary public, on. the 17th of June, 1878, in pursuance of an adjudication made by P. J. Spear, auctioneer, in the suit of Robert E. Huyghe vs. Alfred C. Huyghe, in the then Second District Court of the Parish of Orleans, in certain partition proceedings.
The defendant’s counsel first filed three exceptions: (1) No cause of action; (2) prematurity of action; (S) no jurisdiction. They having been overruled, he answered and plead the general issue.
On the trial there was judgment in favor of the plaintiff, decreeing him to have been the legal owner of the property in controversy since the 17th of June, 1878, with the improvements thereon, and that the property was acquired by him by the act of sale set out in the petition. It further decreed the defendant to surrender the possession and pay to the plaintiff the rents and revenues of the prop-erty at the rate of §30 per month for each and every month since November 2, 1378, until the delivery of possession, with interest.
Defendant has appealed.
*111 I.
The brief of defendant’s counsel contains a concession which virtually disposes of the first two exceptions. It is as follows:
“The exceptions to the petition of no cause of action and prematurity of action had been filed under what was supposed to be the jurisprudence of the State at that time.
‘ ‘ The partition suit in which Brinkman acquired title was an original suit in the late Second District Court for the Parish of Orleans. The eases of Boutté vs. Boutté, 30 An. 181, and Buddecke vs. Buddecke, 31 An. 572, were the latest expressions of this tribunal, and were relied upon by the pleader to sustain his exceptions. The case of Levy vs. Hitsche was not decided until May, 1888, after this case had been continued until December, 1888, in the court a qua.” Page 5.
The inference is that since the opinion was rendered in Levy vs. Hitsche, 40 An. 500, there can be no question as to the jurisdiction of the Second District Court of the Parish of Orleans, in the matter of the partition suit and proceedings through which plaintiff’s title was derived. Therefore, the exceptions were correctly overruled. It is perhaps worthy of observation, that the ground assigned in defendant’s motion, for the prematurity of this action is, that same was instituted before plaintiff had discharged the judgment she had obtained against him for the rents and revenues of the property during the period cf its occupancy.
Huyghe vs. Brinkman, 37 An. 240.
But Brinkman availed himself of a suggestion and reservation of this court made in that case, 38 An. 836, and enjoined the execution of that judgment, in order to obtain a stay of proceedings until his rights could be ascertained and determined. Mrs. Huyghe sought to arrest these injunction proceedings, by mandamus, but that relief was refused.
State ex rel. Huyghe vs. Judge, 39 An. 99.
All of these opinions clearly indicate that the right of the parties litigant, touching the title as well as the rents of the property, must find solution in this form of action.
II.
It appears from the record that the case was taken up for trial on the 26th of April, 1888, Judge Tissot presiding, and considerable testi *112 mony was taken. Again, on the 10th of May, 1888, the trial was: proceeded with, and additional testimony was taken before the same-judge. On the 11th of December, 1888, the case was again called for-trial, the same to be proceeded with as an open case, before Judge Ellis, he having, in the interim, superseded Judge Tissot.
At this juncture, and before proceeding with the trial, counsel for-the defendant objected to the trial, as of an open case, and insisted upon a trial de novo, because of the change in the personel of the: court; but this objection was overruled and counsel reserved a bill of exception.
The counsel for plaintiff then offered and filed in evidence anew the parol and documentary evidence that had been previously offered in evidence.
The argument pressed here, in support of the defendant’s right to a trial de novo is, that counsel had framed his answer with a view to the jurisprudence respecting the jurisdiction of the Second Court, as-it was prior to the decision of Levy vs. Hitsche, and that the fault, if fault there was in doing so, was in no wise attributable to the defendant personally, and as the case is one of great hardship, she ought not to suffer the consequences thereof.
The record shows that the defendant’s answer was filed on the 25th of November, 1887, some months prior to the decision of Levy vs. Hitsche, it is true, but the record fails to show that counsel demanded the right to a trial de novo for the purpose of reforming his pleadings,, or of supplementing his answer; nor did he tender any supplemental, answer disclosing any new or additional defence, or title to the property in the defendant.
A trial de novo did not imply any such thing necessarily.
The case counsel relies upon, Ealer vs. Freret, 11 An. 455, does not go to that extent. At the beginning of the trial before the retiring-judge, all the testimony had been introduced, evidence classed, and a portion of the argument heard.
When his successor commenced the hearing, plaintiff’s counsel opposed any further proceedings and demanded that the testimony should be offered anew.
This request was refused by the judge a quo, and this court held his ruling erroneous. But the spirit of that decision was complied with by plaintiff’s counsel, in offering anew, on the last trial, all the *113 testimony that was offered and filed on the first. We think the judge properly overruled the defendant’s objection.
III.
On the merits, the sole question for us to determine is whether the plaintiff acquired a good and valid title to the property in dispute, by virtue of the adjudication at public auction in the partition proceedings above noted, on the 17th of June, 1878. The judge below thought he did, and so decided.
In Huyghe vs. Brinkman, 38 An. 836, the possessory action, on its second hearing in this court, the leading and important facts as appertaining to the source and character of the defendant’s possession of the property as owner, antecedent to his surrender thereof, under a prior decree of this court, are recited. They were extracted from the same record that is now before us. Those pertaining to Brink-man’s title are as follows, viz:
That he purchased the property at a partition sale made between the heirs of Robert Hpyghe, the former husband of the defendant, who continued in possession after his death. This sale and adjudication occurred on the 1st of June, 1878, and the partition proceedings are duly homologated notwithstanding. the defendant’s opposition thereto. Thereupon a formal title was executed in the presence of Octave Morel, notary, on the 17th of June, 1878, and delivered to the plaintiff as purchaser.
He then procured a writ of ejectment and dispossessed the defendant. Huyghe vs. Brinkman, 34 An. 831.
Subsequently Mrs. Huyghe was restored to possession by a decree of this court. Huyghe vs. Brinkman, 37 An. 240.
This title of the plaintiff, Brinkman, is perfect in form, and recites all the necessary elements of a valid sale, and he has shown to have paid a large portion of the price in cash, and to have executed notes for-the residue. It is, in form, an authentic act, and three of the heirs of the deceased signed it. It possesses all of the insignia of a just title in the sense of R. C. C. 3484, 3485, 3486.
The defendant, Mrs. Huyghe, was a party to those partition proceedings, and litigated her rights in the Second Court with the plaintiff by opposing their homologation and otherwise. «To those proceedings Brinkman was a stranger, and only became connected therewith as the adjudicatee of the property. The partition sale was *114 made in pursuance of a judgment of the Second Court, and the decree of the same court homologating the partition proceedings, in terme, declares “that the act of partition passed before Octave Morel, notary public, on the 12th of July, 1878, be, and the same is hereby declared to be, as binding to all parties to this suit as if same had been signed by the defendant in the above rule, Mrs. Widow Annie Huyghe.”
All of the proceedings were taken and determined in the succession of Robert Huyghe, deceased, and contradictorily with and against his widow and heirs.
The Second District Court for the Parish of Orleans had undoubted jurisdiction of the succession of Hiryghe, and of the partition suit and sale, and its judgment and decisions therein rendered were valid, legal and binding.
Since the .decision of this court in Levy vs. Nitsche, 40 An. 500, this has not been an open question.
Our conclusion is that the plaintiff has a good and solid title to the property in dispute, and that the judgment appealed from is correct.
Judgment affirmed.